IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Benefield Pattin, Sr.,            Case No. 3:24-cv-00369-JGC

    Plaintiff,

v.

MW Manufacturers, Inc., et al.,

    Defendants.

**ORDER**

This is an employment discrimination claim under Ohio Rev. Code chap. 4112, including under Sections 4112.02(I) and 4112.02(J).

Defendants MW Manufacturers, Inc., (MW) and Cornerstone Building Brands, Inc., (Cornerstone) are manufacturers of exterior building products that have their principal places of business in Cary, North Carolina. (Doc. 1-3, PgID. 44).[1]

Defendant Victor Wawrzyniak, a resident of Ohio, was Plaintiff's supervisor. (Doc. 1-1, PgID. 10, 12).

Plaintiff Charles Benefield Pattin, Sr., a resident of Ohio, is a former employee of Defendants MW and Cornerstone. (Doc. 1-1, PgID. 9, 12).

Roughly twenty-two months after his Defendant employers fired him, Plaintiff filed this lawsuit on January 25, 2024, in the Common Pleas Court of Wood County, Ohio. (*Id.*). Defendants MW and Cornerstone filed a timely notice of removal to this court. (Doc. 1, PgID.

---

[1] Plaintiff's complaint names Great Lakes Window, Inc., as a defendant. (Doc. 1-1, PgID. 9). Great Lakes Window ceased to exist in December 2022 when it merged with MW. (Doc. 1-3, PgID. 43).

1

1). Defendant employers argue that Plaintiff fraudulently joined Defendant Wawrzyniak and that I therefore have jurisdiction over this suit pursuant to 28 U.S.C. § 1332. (*Id.* at PgID. 2–3).

Plaintiff alleges that he was fired (1) because of his race; (2) in retaliation for having repeatedly complained to his supervisor about a subordinate's profane and defiant behavior; and (3) in violation of the progressive discipline policy he believes Defendants MW and Cornerstone had. (Doc. 1-1, PgID. 13).

Pending are three motions. First, Defendant employers MW and Cornerstone and Defendant supervisor Wawrzyniak filed Rule 12(6)(b) motions to dismiss Plaintiff's complaint. (Doc. 3; Doc. 4). Plaintiff responded to both motions, (Doc. 10), and Defendants filed separate replies, (Doc. 13; Doc. 14).

Plaintiff also filed a motion to remand this case to state court. (Doc. 9). Defendants jointly responded, (Doc. 11), and Plaintiff filed a reply, (Doc. 12).

For the reasons that follow, I deny Plaintiff's motion to remand and grant Defendants' motions to dismiss.

**Background**

On or around November 16, 2020, Defendants MW and Cornerstone hired Plaintiff as a screen roller, where he worked as one of two non-White team leads. (Doc. 1-1, PgID. 12). Plaintiff alleges that one of his subordinates, an employee identified only as Celina, regularly refused to follow his directions while following the instructions of non-African American supervisors. (*Id.*). Plaintiff alleges that when he tried to discuss Celina's behavior with her, she told him to "[s]hut the fuck up," though she did not use that phrase with non-African American supervisors. (*Id.*). Plaintiff alleges that he reported Celina's conduct to his supervisor, Defendant

Wawrzyniak, but Defendants took no remedial action. (*Id*. at PgID. 12–13). Instead, Defendants instructed Plaintiff to work with Celina. (*Id*. at PgID. 13).

On or about March 7, 2022, Defendants MW and Cornerstone terminated Plaintiff's employment. They did so on the basis that he had accumulated too many "attendance points" due to missed "clock rings." (*Id*.). Plaintiff alleges that he reported the timekeeping system's recurrent failure to properly record employees' clock rings to human resources. (*Id*.). He also alleges that his employers did not fire non-African American employees who had also accumulated too many attendance points due to missed clock rings. (*Id*.). Plaintiff claims Defendants fired him in violation of their progressive discipline policy. (*Id*.). Further, Plaintiff believes the company hired a non-African American person to replace him. (*Id*.).

Plaintiff brings a claim of race discrimination against his employers, Defendants MW and Cornerstone, under Ohio Rev. Code ch. 4112. (*Id*. at PgID. 14). Plaintiff also brings a claim of aiding and abetting discrimination against his supervisor, Defendant Wawrzyniak, under Ohio Rev. Code § 4112.02(J). (*Id*. at PgID. 16). Finally, Plaintiff brings a claim of retaliatory termination against all Defendants under Ohio Rev. Code § 4112.02(I). (*Id*. at PgID. 15–16).

## Legal Standard

The legal standards in the Sixth Circuit for both Plaintiff's motion to remand and Defendants' motions to dismiss are intertwined. "When deciding a motion to remand, including fraudulent joinder allegations, [I] apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citing *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952–54 (6th Cir. 2011)).

Under Federal Rule of Civil Procedure 12(b)(6), I decide whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). This statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. I "must construe the complaint in the light most favorable to the plaintiff and accept all [factual] allegations as true." *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (quoting *Keys v. Humana Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)).

## Discussion

In light of the above standards, I first examine for purposes of Plaintiff's motion to remand the sufficiency of the allegations in Plaintiff's complaint against Defendant Wawrzyniak. Plaintiff makes these claims under Counts II and III of the complaint.

1. <u>Sufficiency of the Allegations Against Defendant Wawrzyniak</u>

   a. *Claim for Retaliatory Termination (Count II)*

First, Plaintiff's factual allegations relating to Count II make no distinction individually between each of the three Defendants. (*See* Doc. 1-1, PgID. 15–16). Plaintiff generally fails to specify which claims and allegations he is making against which Defendants. In a case that involves multiple defendants, "it is critical that all parties have fair notice of which claims apply to them." *Anders v. Cuevas*, 984 F.3d 1166, 1180 n.6 (6th Cir. 2021).

A complaint has a "glaring deficiency" when a plaintiff fails to attribute actions to specific defendants, instead lumping them together to make "allegations against 'the Defendants' collectively." *Bojicic v. DeWine*, 569 F. Supp. 3d 669, 679 (N.D. Ohio 2021) (Carr, J.). By failing

to attribute specific wrongful conduct to particular entities or individuals, especially when they played different roles in the challenged conduct, such pleadings imply "a unitary, conspiracy-type group." *Bell v. Zurich Ins. Co.*, No. 16-cv-984, 2016 WL 5118294, at *5 (N.D. Ohio Sept. 21, 2016) (Carr, J.).

Even if Plaintiff had distinguished the individual actions of his employers and his supervisor, he has no colorable cause of action against any of them for retaliatory termination.

Under Ohio law, it is unlawful to discriminate against another person because that person has opposed an unlawful discriminatory practice or brought a charge under Ohio Rev. Code Sections 4112.01 to 4112.07. Ohio Rev. Code § 4112.02(I).

Plaintiff alleges that after he internally reported Celina's insubordination to his supervisor, "Defendants" illegally retaliated against him by terminating his employment. (Doc. 1-1, PgID. 15). But insubordination does not qualify as an unlawful discriminatory practice. Indeed, nowhere does Plaintiff allege having reported behavior that qualifies as an unlawful discriminatory practice as defined in Section 4112.01(A)(8).

That a subordinate employee refused to follow Plaintiff's directions and told him to "shut the fuck up" when he attempted to discuss her conduct is not "race discrimination" under state law. That conduct therefore does not qualify as an unlawful discriminatory practice. Insubordination can be disturbing, but it is not grounds for a civil action.

Because Plaintiff did not oppose any unlawful discriminatory practice, he has no grounds to sue either his Defendant employers or his Defendant supervisor for retaliatory termination.

    b. *Claim for Unlawful Aiding, Abetting, and Inciting of Discrimination (Count III)*

As Defendants point out in their response to Plaintiff's motion to remand, "there can be no 'aiding and abetting' when the core retaliation claim is dismissed." (Doc. 11, PgID. 115

(citing *Rogers v. Horwitz*, No. 20-cv-02568, 2023 WL 6383796, at *11 (N.D. Ohio Sept. 29, 2023) (Ruiz, J.) ("[T]he Rogers' claim for aiding and abetting disparate treatment under Ohio law must also fail, since the underlying claim fails."))).

The statute makes it unlawful "[f]or any person to aid, abet, incite, compel, or coerce . . . an unlawful discriminatory practice . . . or prevent any person from complying with this chapter." Ohio Rev. Code § 4112.02(J).

But because the insubordinate behavior Plaintiff complained of does not qualify as race discrimination, Defendant employers could not have terminated Plaintiff's employment for reporting race discrimination. Nor could the Defendant supervisor have helped bring about the termination on that basis.

Even if Plaintiff intends to imply that his Defendant supervisor aided and abetted Plaintiff's termination for excessive attendance points due to missing clock rings, Plaintiff's complaint also fails to state a claim on this basis. Of the seven numbered statements supporting this count, four simply repeat the wording of the prohibition from the statute. (Doc. 1-1, PgID. 16). None indicates what specific discriminatory behavior Defendant Wawrzyniak might have aided.

In summary, Plaintiff fails to allege that his Defendant supervisor aided his Defendant employers in terminating Plaintiff for reporting race discrimination. And Plaintiff has made no allegation implicating his Defendant supervisor in the decision to terminate Plaintiff's employment based on an accumulation of too many clock rings. Even under the more lenient analysis of Plaintiff's allegations applied in a motion to remand, I conclude that Plaintiff has failed to state a claim against his supervisor, Defendant Wawrzyniak.

Plaintiff brought only claims of retaliation and unlawful aiding and abetting against Defendant Wawrzyniak, a resident of Ohio. Because those claims as pleaded have no legal basis, no grounds exist to retain Mr. Wawrzyniak as a defendant in this case. And because Plaintiff and the remaining Defendant employers meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332, (*see* Doc. 1, PgID. 2), I have jurisdiction to now decide Defendant employers' Rule 12(b)(6) motion to dismiss Plaintiff's remaining claim.[2]

   2.   <u>Sufficiency of Remaining Claim Against Defendant Employers (Count I)</u>

Plaintiff's claim against Defendant employers for discrimination does not allow me plausibly to draw an inference of liability.

As an initial matter, many of the facts alleged in the complaint relate to Plaintiff's claim that he was fired because he reported allegedly discriminatory insubordinate behavior. (*See* Doc. 1-1, PgID. 11–14). But as I discussed above, that behavior does not, at least by itself, constitute legally cognizable employer discrimination.

Plaintiff further alleges, however, that his termination for improper timekeeping was also discriminatory. This was so, he claims, because Defendant employers "did not [similarly] terminate the employment of non-African Americans [who] had accumulated too many attendance points due to missed clock rings." (*Id.* at PgID. 13). But these allegations also fail to state a plausible claim for relief.

---

[2] In his motion to remand, Plaintiff asks in passing for permission to file an amended complaint. (Doc. 9, PgID. 96–97). Federal Rule of Civil Procedure 15(a)(2) does require that I "freely give leave [to amend] when justice so requires." In this instance, before considering Plaintiff's request, I require that he file a motion for leave to amend his complaint with his proposed amended complaint attached thereto.
      Also, I note that "jurisdiction is determined by the complaint as it existed at the time of removal." *Pugh v. AIG Prop. Cas. Co.*, No. 17-143, 2019 WL 97028, at *4 (E.D. Ky. Jan. 3, 2019) (citing *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004)). Thus, even if I ultimately grant leave to file an amended complaint, including against Mr. Wawrzyniak, I will nevertheless retain jurisdiction over the case. *See id.*

"To make an initial case for racial discrimination, [a plaintiff] must show that he was 'similarly situated' 'in all of the relevant respects' to an employee of a different race who was treated better." *Johnson v. Ohio Dep't of Pub. Safety*, 942 F.3d 329, 331 (6th Cir. 2019) (citing *Gragg v. Somerset Tech. Coll.*, 373 F.3d 763, 768 (6th Cir. 2004) and *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)). I "consider whether the employees: (1) engaged in the same conduct, (2) dealt with the same supervisor, and (3) were subject to the same standards." *Id.* (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).[3]

Here, Plaintiff's allegation that Defendant employers "did not terminate the employment of non-African Americans [who] had accumulated too many attendance points due to missed clock rings," (Doc. 1-1, PgID. 13), is utterly and entirely conclusory. Nowhere in Plaintiff's complaint does he provide any additional detail regarding comparator employees treated differently despite being similarly situated in all relevant respects. Plaintiff names no names, provides no dates, and describes no circumstances sufficient to support a plausible inference that Defendant employers discriminated against Plaintiff by terminating him for timekeeping violations. Plaintiff's allegations in this regard are not merely insufficient—they are nonexistent.

Because Plaintiff's complaint lacks "enough fact to raise a reasonable expectation that discovery will reveal evidence" of discrimination, *Twombly*, 550 U.S. at 556, I grant Defendant employers' motion to dismiss.

## Conclusion

For the foregoing reasons, it is ORDERED THAT:

---

[3] Generally, "[t]o establish a prima facie case of [] discrimination, a plaintiff must demonstrate that: '(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) . . . similarly situated non-protected employees were treated more favorably.'" *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 776 (6th Cir. 2016) (quoting *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004)). As I discuss, Plaintiff fails plausibly to allege the necessary fourth element of a discrimination claim. *See Johnson*, 942 F.3d at 331 ("So this case comes down to one question. Was [the plaintiff] similarly situated to [the comparator employee] in all relevant respects?"). I therefore need not address the remaining three elements.

1. Plaintiff's motion to remand (Doc. 9) be, and the same hereby is, denied;

2. Defendant employers' motion to dismiss (Doc. 3) be, and the same hereby is, granted without prejudice to Plaintiff's right to seek leave to file an amended complaint;

3. Defendant Wawrzyniak's motion to dismiss (Doc. 4) be, and the same hereby is, granted without prejudice to Plaintiff's right to seek leave to file an amended complaint; and

4. Plaintiff may file a motion seeking leave to amend his complaint with a copy of his proposed amended complaint attached thereto on or before October 31, 2024. Defendants shall have until November 30, 2024, to answer or otherwise plead, and Plaintiff may file a reply on or before December 15, 2024.

SO ORDERED.

DATE: 9/30/2024

*/s/ James G. Carr*

Sr. U.S. District Judge